# CIRCUIT COURT OF ISLE OF WIGHT COUNTY

Commonwealth of Virginia

    v.

Rusmisel

January 15, 1959

BY JUDGE H. W. MACKENZIE, JR.

The sole question involved in this appeal is whether a person admittedly intoxicated and driving upon the property of a privately-owned filling station can be convicted of drunken driving under the Virginia Statute.

It is the contention of the defendant that the statute making it an offense to drive a vehicle while under the influence of intoxicants applies only to the operation of such vehicle on the highways of the state, even though such phraseology does not appear in so many words in the statute. He relies heavily upon the recent case of *Prillaman v. Commonwealth*, 199 Va. 401 (1957), which held that such must be read into the statute dealing with operator's licenses.

However, there are several clear distinctions between the *Prillaman* case and the case at bar. The offense which was under consideration in the *Prillaman* case is covered by the Motor Vehicle Code, now Title 46.1, and the court clearly and properly held that all of these sections are *in pari materia* which resulted in the decision in that case. On the other hand, the offense of driving under the influence is not a part of the Motor Vehicle Code but is contained in the Criminal Code and is found as § 18-75. This section is not now, and never has been, a part of the Motor Vehicle Code, as is perfectly clear from the fact that the Motor Vehicle Code has recently been re-enacted as Title 46.1 and the old Title 46 has been repealed. If it were intended that the offense of drunken driving be considered as a part of the Motor Vehicle Code, it is reasonable to suppose that § 18-75 would have been repealed with the provisions of old Title 46 and re-included under Title 46.1.

A more fundamental reason is immediately apparent when a little thought is given to the mischief sought to be prevented by the enactment of this particular statute. The object is to prevent injury to persons and property by the

operation of vehicles by those under the influence of intoxicants and drugs. It is a matter of common knowledge that such injuries can take place as well upon private property as upon the public highways of this state. It could not be advanced that the statutes dealing with homicide, rape, and like subjects included with this offense in Chapter 18 of the Code were intended to apply only to the acts committed upon public property, and I see no fundamental distinction in the evils the General Assembly was seeking to eliminate.

As a final consideration, it will be noted that § 18-75 includes in its prohibitions the operation of trains by persons under the influence. It could not be said that the legislature intended to prevent the operation of trains under the influence only upon the highways of the state and such would have to be the construction, if the insertion contended for by the defendant was made in this statute.

It is the ruling of the court that this warrant properly charges the commission of a crime under § 18-75.